Application for Search and Seizure Warrant

☐ FILED ☐ LODGED
☐ RECEIVED
09/21/2021
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
for the
Western District of Washington

| In the Matter of the Search of: | Case No. 3:21-mj-05195 |
|---|---|
| Gregory R. JOHNSON | |

## APPLICATION FOR A SEARCH WARRANT FOR BLOOD SAMPLE

I, Timothy R. Scholl, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that a sample of blood consisting of one of more tubes or vials should be taken from the following person:

Gregory R. JOHNSON

located in the Western District of Washington and that this blood sample is evidence of the following crime or crimes.

☐ Driving While Under the Influence in violation of RCW 46.61.502, 18 U.S.C. § 13, and 36 C.F.R § 4.23 or 38 C.F.R. § 1.218

☒ Physical Control of a Vehicle While Under the Influence of Alcohol or Drugs in violation of RCW 46.61.504, 18 U.S.C. § 13, and 36 C.F.R § 4.23 or 38 C.F.R. § 1.218

☐ Driver under Twenty-One Consuming Alcohol or Marijuana in violation of RCW 46.61.503 and 18 U.S.C. § 13

☐ Vehicular Homicide in violation of RCW 46.61.520 and 18 U.S.C. § 13

☐ Vehicular Assault in violation of RCW 46.61.524 and 18 U.S.C. § 13

☐ _____

This application is based on the facts set forth in the attached affidavit which is incorporated herein as if fully set forth.

Pursuant to Fed. R. Crim. P. 4.1 & 41(d)(3), this warrant is presented:

☒ By reliable electronic means.   ☐ Telephonically (and recorded).

SCHOLL.TIMOTHY.ROBERT.1300287014
2021.09.21 10:30:20 -07'00'
_____
Sgt. Timothy R. Scholl
Joint Base Lewi-McChord Police Department

The above-named agent provided a sworn statement attesting to the truth of the foregoing affidavit by telephone on this 21st day of September, 2021.

_____
THE HON. THERESA L. FRICKE
UNITED STATES MAGISTRATE JUDGE

STATE OF WASHINGTON   )
                      )   ss
COUNTY OF PIERCE      )

## AFFIDAVIT OF TIMOTHY R. SCHOLL

I, Timothy R. Scholl, a Sergeant, Federal Law Enforcement Officer with Joint Base Lewis-McChord Police Department, Joint Base Lewis-McChord, Washington, having been duly sworn, state as follows:

## AFFIANT BACKGROUND

1. I have served as a law enforcement officer for the past 7 years. My training and experience relevant to the investigation discussed below includes the following:

- ☒ Basic Training at the Federal Law Enforcement Training Center
- ☒ Basic Law Enforcement Academy at the Department of Army Civilian Police Academy
- ☒ Basic Law Enforcement Academy at the Washington Criminal Justice Training Commission
- ☒ Standardized Field Sobriety Testing
- ☒ Advanced Roadside Impaired Driving Enforcement Training

I began my law enforcement career at the Department of Navy as a civilian Police Officer for approximately five and a half years. I then joined the Joint Base Lewis-McChord Police Department in December 2019. I completed Advanced Roadside Impaired Driving Enforcement Training and am a Standard Field Sobriety Test (SFST) instructor at Joint Base Lewis-McChord. I have assisted on more than 20 Driving Under the Influence investigations. I am trained to recognize the signs and evidence of an alcohol and/or drug related collision. Through my past training and experience I have learned to recognize the signs of alcohol and/or drug impairment in people and to determine whether or not a person's ability to drive a motor vehicle safely is impaired. I also know from my past training and experience that most drugs once ingested, including alcohol, will be detectable in a person's blood.

2. The information presented in this affidavit is:

☒ Based on my personal observations and interviews that I have conducted.

## INTRODUCTION AND PURPOSE OF THE AFFIDAVIT

3. The purpose of this affidavit is to seek a search warrant to authorize me or other law enforcement officers to direct a physician, a registered nurse, a licensed practical nurse, a nursing assistant as defined in Chapter 18.88A of the Revised Code of Washington (RCW), a physician assistant as defined in chapter 18.71A of the RCW, a first responder as defined in chapter 18.73 of the RCW, an emergency medical technician as defined in chapter 18.73 of the RCW, a health care assistant as defined in chapter 18.135 of the RCW, or any technician trained in withdrawing blood to extract a blood sample consisting of one or more tubes or vials from Gregory R. JOHNSON (hereafter "the Subject"). This warrant is requested for the purpose of gathering evidence of the following crime(s):

☐ Driving While Under the Influence in violation of RCW 46.61.502, 18 U.S.C. § 13, and 36 C.F.R § 4.23 or 38 C.F.R § 1.218

☒ Physical Control of a Vehicle While Under the Influence of Alcohol or Drugs in violation of RCW 46.61.504, 18 U.S.C. § 13, and 36 C.F.R § 4.23 or 38 C.F.R. § 1.218

☐ Driver under Twenty-One Consuming Alcohol or Marijuana in violation of RCW 46.61.503 and 18 U.S.C. § 13

☐ Vehicular Homicide in violation of RCW 46.61.520 and 18 U.S.C. § 13

☐ Vehicular Assault in violation of RCW 46.61.524 and 18 U.S.C. § 13

☐ _____

4. I am seeking to present this application for a search warrant by electronic means because the natural metabolization of alcohol or drugs in the bloodstream may result in the loss of this evidence in the time it would take to present a search warrant application in a more traditional fashion.

SUMMARY OF PROBABLE CAUSE

5. As a result of my duties I am familiar with the jurisdictional boundaries of Joint Base Lewis-McChord, Washington. The incident described below occurred within these jurisdictional boundaries, an area within the special maritime and territorial jurisdiction of the United States as defined in 18 U.S.C. § 7.

6. The initial contact with the Subject occurred on September 21, 2021 at approximately 0805 hours on Mounts Road adjacent Eagles Pride Golf Course, JBLM, WA 98439. Passerby observed the subject in a driver's seat appearing to be passed out and slumped back in the seat, and called 911. I arrived on scene and observed JBLM EMS talking with the driver/subject. Upon contact with JBLM EMS, the medic stated he observed signs of drug use, and the subject refused medical attention. As I was walking over to contact the subject, the subject attempted to start the vehicle, place the vehicle in drive, and attempt to drive away. I yelled to the driver/subject to stop, he immediately stopped, looked at me, and attempted to back up to the soft shoulder he was partly on, before attempting to drive forward. I requested the subject to place the vehicle in park and turn the vehicle off. The subject placed the vehicle in park, turned the vehicle off, and removed the keys, placing them on the dash board. I requested the subject's driver's license. After a short search, he advised me he could not find his driver's license. I had the subject exit the vehicle and observed a syringe needle cap fall out of the vehicle.

I asked the subject if he was willing to voluntarily conduct a series of standardized field sobriety tests to determine if he was safe to drive. The subject advised he would. SFST's were conducted with positive results. During the Horizontal Gaze Nystagmus (HGN) test, I observed involuntary jerking of the eyes, maximum deviation, onset prior to 45 degrees, and lack of smooth pursuit. The Lack of Convergence test was normal, with the subject's eyes converging normally to the nose. During the Modified Romberg Balance test, the subject showed swaying, eye lid tremors, and his estimate of 30 seconds took 35 actual seconds. During the Walk and Turn (WAT), I observed the subject using his arms for balance on step two of the first nine steps. During the One Leg Stand (OLS),

the subject used his arms to balance, swayed while balancing, and put his foot down at 25 seconds and picked it back up. The subject voluntarily submitted to a Preliminary Breath Test, with a result of .000 bRac.

7. Based on my training and experience, I believe the subject may be under the influence of intoxicants or drugs for the following reasons: the subject had glossy eyes, pinpoint pupils, slow movement, slow responses, and appeared confused.

8. The Subject:

☐ Has refused to take a breath Alcohol test on an instrument approved by the State Toxicologist or a federal agency for such breath testing.

☐ Is being treated in a hospital, clinic, doctor's office, emergency medical vehicle, ambulance, or other similar facility, or is at a location that lacks an instrument approved by the State Toxicologist or a federal agency for performing such breath testing, and has refused to submit to a blood test.

☐ Is incapable due to physical injury, physical incapacity, or other physical limitation of submitting to a breath alcohol test, and the defendant has refused to submit to a blood test.

☐ Has refused to submit to a blood test at the request of the undersigned.

☐ Was not offered an opportunity to take a breath alcohol test on an instrument approved by the State Toxicologist or a federal agency for such breath testing because:

   ☐ The available instrument is currently out of order

   ☐ The individual does not speak English and the implied consent warnings are not available in a language that the defendant understands

   ☐ _____

☒ Submitted to a breath test on an instrument approved by the State Toxicologist or a federal agency for such breath testing but the breath alcohol concentration reading of 0.000 is not consistent with the defendant's level of impairment suggesting that the defendant is under the influence of a drug.

9. A sample of blood extracted from the subject if taken within a reasonable period of time after he/she last operated, or was in physical control of, a motor vehicle,

may be tested to determine his/her current blood alcohol level and to detect the presence of any drugs that may have impaired his/her ability to drive. This search warrant is being requested within 2 hours and 30 minutes after the Subject ceased driving or was found in in physical control of a motor vehicle.

## CONCLUSION

10. For the reasons stated above, I request authority to direct a physician, a registered nurse, a licensed practical nurse, a nursing assistant as defined in chapter 18.88A of the RCW, a physician assistant as defined in chapter 18.71A of the RCW, a first responder as defined in chapter 18.73 of the RCW, an emergency medical technician as defined in chapter 18.73 of the RCW, a health care assistant as defined in chapter 18.135 of the RCW, or a technician trained in withdrawing blood to extract a blood sample consisting of one or more tubes or vials from Gregory R. JOHNSON.

11. This application for a warrant is being presented electronically pursuant to Fed. R. Crim P. 4.1 & 41(d)(3).

I certify (or declare) under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated this 21st day of September, 2021.

SCHOLL.TIMOTHY.ROBERT.1300287014
2021.09.21 10:29:57 -07'00'

Timothy R. Scholl
Federal Law Enforcement Sergeant
Joint Base Lewis-McChord Police Department

The above-named agent provided a sworn statement attesting to the truth of the foregoing affidavit on 21st day of September, 2021.

THE HON. THERESA L. FRICKE
UNITED STATES MAGISTRATE JUDGE